Mark R. Thierman (CA#72913, NV#8285)
laborlawyer@pacbell.net
Jason J. Kuller (CA#228157, NV#12244)
jason@thiermanlaw.com
Joshua D. Buck (CA#258325, NV#12187)
josh@thiermanlaw.com
**THIERMAN LAW FIRM, P.C.**
7287 Lakeside Drive
Reno, Nevada  89511
Tel: (775) 284-1500
Fax: (775) 703-5027

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHELLE WUEST on behalf of herself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> CATHOLIC HEALTHCARE WEST, a California corporation; ST. MARY'S REGIONAL HEALTH CARE CENTER, an unknown Nevada entity; and DOES 1-50, Inclusive, <br><br> Defendants. | CASE NO.  CV11-2550 CRB <br><br> **FIRST AMENDED COMPLAINT CLASS AND COLLECTIVE ACTION FOR VIOLATION OF FEDERAL AND STATE WAGE LAWS** |

COMES NOW Plaintiff Michelle Wuest ("Plaintiff"), on behalf of herself and all others similarly situated, and hereby alleges as follows:

All allegations in this Complaint are based upon information and belief except for those allegations which pertain to the Plaintiff named herein and her counsel.  Each allegation in this Complaint either has evidentiary support or is likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

1

FIRST AMENDED CLASS and COLLECTIVE ACTION COMPLAINT

## JURISDICTION AND VENUE

1. This Court has original jurisdiction over the claims alleged herein pursuant to the Class Action Fairness Act, 29 U.S.C. § 1334(d). Defendant Catholic Healthcare West is a California corporation with its principal place of business at 185 Berry Street, Suite 300, San Francisco, CA 94107. Plaintiff is a resident and citizen of Nevada. Plaintiff is informed and believes that the amount in controversy exceeds five million dollars in the aggregate.

2. This Court also has original jurisdiction over the claims alleged herein pursuant to 29 U.S.C. § 1331, the federal question being the Fair Labor Standards Act, 29 U.S.C. § 216(b).

3. Venue is proper in this Court because one or more of the Defendants named herein maintains its principal place of business, or otherwise is found, in this judicial district.

## PARTIES

4. Plaintiff is a natural person who was employed by Defendants, and each of them, as an hourly paid and non-exempt medical assistant, specifically titled a "Surgical Tech," from approximately December 2002 to the present at the St. Mary's Regional Medical Center in Reno, Nevada.

5. Plaintiff is informed and believes that Defendant CATHOLIC HEALTHCARE WEST ("CHW") is a California corporation with its principal place of business in San Francisco, California, which administers and controls the overtime and other pay policies at Saint Mary's Regional Medical Center and approximately 60 other hospitals located in Nevada, California, and Arizona.

6. Plaintiff is informed and believes that Defendant SAINT MARY'S REGIONAL MEDICAL CENTER ("St. Mary's") is a Nevada corporation with its principal place of business in Reno, Nevada. Upon information and belief, Defendant St. Mary's is owned, managed, and/or controlled by Defendant Catholic Healthcare West and holds itself out as member of the CHW family of companies.

7. At all relevant times, each Defendant was the agent for the other, and/or a joint employer with the other Defendants herein. In particular, CHW administered the payroll

THIERMAN LAW FIRM, PC
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email laborlawyer@pacbell.net www.laborlawyer.net

THIERMAN LAW FIRM, PC
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email laborlawyer@pacbell.net www.laborlawyer.net

policies and was responsible for all overtime rules and procedures for all employees of any hospital that was a member of the CHW "group," which consists of approximately 60 hospitals in Nevada, California, and Arizona, including Defendant St. Mary's.

8. The identity of DOES 1-50 is unknown at this time, and this Complaint will be amended at such time when the identities are known to Plaintiff.

## CLASS AND COLLECTIVE ALLEGATIONS

9. Plaintiff seeks to represent a class of all persons employed as hourly non-exempt employees for Defendants within the last three years preceding the filing of this lawsuit until the time of judgment (the "Class"). The Class consists of the following two subclasses:

a. The "FLSA Subclass," consisting of all Class members employed by Defendants in the United States. This Subclass is brought as an opt-in class pursuant to Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

b. The "Nevada Subclass," consisting of all Class members employed by Defendants in the State of Nevada. This Subclass is a traditional opt-out class brought pursuant to Rule 23 of the Federal Rules of Civil Procedure.

10. Upon information and belief, the number of Class and Subclass members employed by Defendants within the last two years alone exceeds 100. Thus, the Class and each Subclass is so numerous that joinder is impracticable.

11. The named Plaintiff's claims are typical of all members of the Class and each Subclass because all were harmed by the common practice of Defendants in failing to pay overtime correctly and failing to pay even minimum wage for controlled standby/on-call time.

12. The named Plaintiff will fully and adequately represent the interests of the class. The named Plaintiff has retained counsel that is familiar with employment and class action wage-hour law. The named Plaintiff has no interests that are contrary to or in conflict with those of any Class or Subclass member.

13. A class action is superior to other available means for the efficient adjudication of this lawsuit. Individual litigation could be prohibitively expensive against a large business entity like Defendants and would be unduly burdensome to the justice system. Concentrating

3

FIRST AMENDED CLASS and COLLECTIVE ACTION COMPLAINT

this litigation in one forum will promote judicial consistency and economy. Notice of this action can be provided to Class members since their identities and last known addresses are contained within Defendants' records and files.

14. In addition to seeking to be a class representative for all Nevada Subclass members pursuant to Rule 23, Fed. R. Civ. P., Plaintiff seeks to maintain this action as a representative collective action under the FLSA on behalf of all similarly situated employees. Attached hereto as Exhibit A is Plaintiff's consent to sue pursuant to 29 U.S.C. § 216(b).

## **UNLAWFUL CONDUCT**

15. At all relevant times herein, Plaintiff was employed as an hourly employee by Defendants and was subject to the following unlawful pay policies:

   a. Failing to pay federal and Nevada state minimum wage for controlled standby or on-call time.

   b. Failing to pay the correct amount of overtime premium for call-back, standby, and on-call time, after repeatedly acknowledging such payment was due.

   c. Failing to pay overtime compensation based on a regular rate of pay including non-discretionary "Longevity Bonuses," per diem pay, shift differential pay, and/or PTO payouts.

   d. Paying employees under the so-called "8/80 option," which is an unlawful pay scheme under Nevada state law.

## **FIRST CAUSE OF ACTION**

**(Paying Less than Minimum Wage for Standby and On-Call Time)**

16. Plaintiff realleges and incorporates by this reference, as though fully set forth herein, the preceding paragraphs of this Complaint.

17. Pursuant to written policy, Defendants have agreed to pay non-exempt employees who are designated for "standby" and/or "on-call" status at the rate of $6.50 an hour or less for the time actually spent during such status.

18. During the time an employee is designated "standby/on call," the employee is under the control of the employer and must always be available by phone or pager. The Defendants require an employee who is designated to be on "standby /on call" status to be within a 30-minute radius of the employee's work area. For most employees, normal commute to the place of employment is longer than 30 minutes, and a 30-minute radius precludes personal and family activities even a modest distance away.

19. Being engaged to wait for work while "standing by" or "on call" is compensable time under both federal and state wage laws. "An agreement between the parties which provides at least some type of compensation for on-call waiting time may suggest the parties characterize waiting time as work." <u>Berry v. County of Sonoma</u>, 30 F.3d 1174, 1181 (9th Cir. 1994).

20. Defendants are required to pay at least minimum wage for all hours worked by non-exempt employees under the federal FLSA, as well as under Nevada state wage laws.

21. Therefore, Plaintiff demands payment for herself and all other non-exempt employees of Defendants within the class(es) defined above of the difference between the applicable minimum wage and the amounts actually paid for all hours the employee was designated to be on "standby" or "on call," plus liquidated damages and penalties as provided under the FLSA and state wage laws.

## SECOND CAUSE OF ACTION

**(Paying Less than Overtime Premium Due for Call-Back and On-Call Time)**

22. Plaintiff realleges and incorporates by this reference, as though fully set forth herein, the preceding paragraphs of this Complaint.

23. Defendants are required to pay an overtime premium for all overtime hours worked by non-exempt employees in accordance with the FLSA and state wage laws.

24. Defendants repeatedly acknowledged their failure to pay the overtime premium due its non-exempt employees for hours worked as "call-back," "standby," and/or "on-call" time. Defendants promised to pay the overtime amounts owing and due "retroactively," but have so far failed to correctly calculate these amounts and pay the employees accordingly.

THIERMAN LAW FIRM, PC
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email laborlawyer@pacbell.net www.laborlawyer.net

25. Therefore, Plaintiff demands payment for herself and all other non-exempt employees of Defendants within the class(es) defined above of the applicable overtime pay for all hours worked as call-back, standby, and/or on call time, plus liquidated damages and penalties as provided under the FLSA and/or Nevada state wage laws.

## THIRD CAUSE OF ACTION

**(Failure to Include All Compensation in Regular Rate Overtime Calculations)**

26. Plaintiff realleges and incorporates by this reference, as though fully set forth herein, the preceding paragraphs of this Complaint.

27. Defendants based the payment of overtime premium pay on a regular rate that did not include all remuneration paid to the non-exempt employee during the relevant pay period.

28. For example, Defendant failed to include in the regular rate monies paid to non-exempt employees for non-discretionary bonuses such as the "Longevity Bonus", monies paid in lieu of benefits such as per diem pay, monies paid for undesirable hours or disagreeable work such as shift differentials, and/or monies paid for unused sick leave such as PTO payouts. See, e.g., Chavez v. City of Albuquerque, 630 F.3d 1300, 1305 (10th Cir. 2011).

29. By failing to include the aforesaid sums in the calculation of the regular rate of pay, Defendants failed to pay the proper amounts of overtime premium pay, which were a multiple of the regular rate as miscalculated by the employer.

30. Therefore, Plaintiff demands payment for herself and all other non-exempt employees of Defendants within the class(es) defined above of the difference between the applicable overtime premium wage rates and the amounts actually paid for all overtime hours worked, plus liquidated damages and penalties as provided under the FLSA and/or Nevada state wage laws.

/ / /

/ / /

/ / /

/ / /

THIERMAN LAW FIRM, PC
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email laborlawyer@pacbell.net www.laborlawyer.net

**FOURTH CAUSE OF ACTION**

**(Failure to Pay Nevada Sublass Members Overtime Compensation**

**Due as a Result of "8/80 Option")**

31. Plaintiff realleges and incorporates by this reference, as though fully set forth herein, the preceding paragraphs of this Complaint.

32. Defendants have instituted a so-called "8/80 option" that basically requires overtime premium pay only when an employee works more than 8 hours in a day or more than 80 hours in a two-week pay period.

33. Upon information and belief, the "8/80 option" is an alternative pay scheme that is imposed automatically on the particular employee at the end of the pay period (in lieu of paying overtime based upon a 40-hour week) if that system would produce less cost for the employer.

34. Such a pay scheme is authorized under federal law but is not authorized under Nevada state law.

35. Nevada Revised Statutes ("NRS") § 608.018 requires payment of overtime premium wages at time and one half the "regular rate" or pay for all hours worked in excess of 40 a week, and if the employee earns less than one and one half the minimum wage, then overtime must be paid after 8 hours per day, unless of 4 ten hour day schedule is agreed upon. Nevada state law does not have any exception for requiring payment to hourly (non-exempt) employees of overtime premium pay only after 80 hours in two-week pay period rather than requiring payment of overtime premium pay after 40 hours in single workweek.

36. To the extent Defendant may argue that the provisions of NRS § 608.018(3)(e) preclude employees covered by a collective bargaining agreement from receiving overtime wages under generally applicable state law, Plaintiffs have a good faith belief such provisions are preempted as discriminatory against union membership. See McCollum v. Roberts, 17 F.3d 1219 (9th Cir. 1994) ("And if Oregon has no legitimate reason for denying benefits to union workers - other than an (incorrect) assumption that federal preemption principles require it - then the state has impermissibly burdened the exercise of rights protected by the NLRA.")

THIERMAN LAW FIRM, PC
7287 Lakeside Drive
Reno, NV 89511
(775) 284-1500 Fax (775) 703-5027
Email laborlawyer@pacbell.net www.laborlawyer.net

37. Therefore, Plaintiff demands payment for herself and all other non-exempt Nevada employees of Defendants within the Nevada Subclass defined above for all overtime premium pay that would have been due but for imposition of the 8/80 policy.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff, individually and on behalf of Class members and all others similarly situated, prays for relief as follows:

1. For an order conditionally certifying this action under the FLSA and providing notice to all Class members so they may participate in this lawsuit;

2. For an order certifying this action as a class action on behalf of the proposed Class and Subclasses;

3. For an order appointing Plaintiff and her counsel as representatives of the Class and Subclasses;

4. For compensatory damages, including unpaid minimum wages and overtime, according to proof;

5. For liquidated damages pursuant to 29 U.S.C. § 216(b);

6. For sixty days of wages as non-discretionary waiting-time penalties pursuant to NRS §§ 608.040 and 608.050 for all for Nevada class members whose employment was terminated within the last three years from the filing of this lawsuit;

7. For reasonable attorneys' fees authorized by statute;

8. For costs of suit incurred herein;

9. For pre-judgment and post-judgment interest, as provided by law; and

10. For such other and further relief as the Court may deem just and proper.

Dated   August 12, 2011                           THIERMAN LAW FIRM

                                                  By: /s/Mark R. Thierman
                                                  MARK R. THIERMAN
                                                  *Attorneys for Plaintiff*

Exhibit A

# CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT (29 U.S.C. § 216(b))

I, Michelle "Shelly" Wuest, worked for Catholic Healthcare West and St. Mary's Regional Health Care Center ("Defendants") as a non-exempt medical assistant from approximately December 2002 to present in Reno, Nevada.

I consent to be a party plaintiff in a lawsuit alleging that Defendants have violated the Fair Labor Standards Act and applicable state labor laws. I understand that this lawsuit seeks unpaid minimum wages, overtime, and related damages that may be owed to me and other current and former employees of Defendants.

I understand that I have the right to choose other counsel and to pursue my claims solely on my own behalf, and I choose to be represented in this matter by class counsel Thierman Law Firm, P.C., and other attorneys with whom they may associate.

DATED: _May 22_____, 2011

Signature: _Michelle Wuest_

Print Name: _MICHELLE M. WUEST_