IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MICHELLE WUEST,

    Plaintiff,

  v.

CATHOLIC HEALTHCARE WEST, ET AL.,

    Defendants.

No. C 11-02550 CRB

**ORDER TRANSFERRING VENUE**

    Plaintiff Michelle Wuest has been employed by Defendant St. Mary's Regional Medical Center ("St. Mary's") in Reno, Nevada, as a Surgical Tech from approximately December 2002 to the present. Defendant Catholic Healthcare West ("CHW") is a California corporation with its principal place of business in San Francisco, California. Plaintiff alleges that CHW administers and controls the employment and pay policies at Saint Mary's and approximately 60 other hospitals located in Nevada, California, and Arizona. Plaintiff claims that Defendants (1) failed to pay federal and Nevada state minimum wage for controlled standby or on-call time, (2) failed to pay the correct amount of overtime premium for call-back, standby, and on-call time, after repeatedly acknowledging such payment was due, (3) failed to pay overtime compensation based on a regular rate of pay including non-discretionary "Longevity Bonuses," per diem pay, shift differential pay, and/or PTO payouts, and (4) paid employees under the so-called "8/80 option," which is an unlawful pay scheme under Nevada state law. Plaintiff's First Amended Complaint ("FAC") seeks to certify an

FLSA class and a Nevada class on behalf of other persons employed as hourly non-exempt employees for Defendants. Defendants deny that their pay policies and practices were unlawful.

28 U.S.C. § 1404(a) grants district courts the discretion to transfer any civil action to any other district or division where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." The purpose of this section is to "prevent the waste 'of time, energy, and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" Van Dusen v. Barrack, 376 U.S. 612, 616 (1964) (quoting Continental Grain Co. v. The Barge FBL-585, 364 U.S. 19, 26-27 (1960)).

Section § 1404(a) has two requirements: (1) that the district to which the defendants seek to have the action transferred is one in which the action "might have been brought"; and (2) that the transfer be for the convenience of parties and witnesses, and in the interest of justice. Here the parties have stipulated that transfer to the Northern Division of the U.S. District Court for the District of Nevada is appropriate. Dkt. 20. The case could have been brought originally in that district pursuant to 28 U.S.C. § 1400(b). Accordingly, the decision to transfer turns on the second requirement.

Here, the Plaintiff is a resident of Nevada, one of the Defendants (St. Mary's Regional Health Center) is a business entity operating in Nevada, and it appears the events or omissions underlying the complaint occurred in Nevada. Further, under the FAC, all of the remaining pendant state law claims are under Nevada law. Moreover, the parties have stipulated that a transfer of venue is appropriate here. Thus, the Court finds it will increase the convenience of the parties and witnesses, and be in the interest of justice, to venue this action in the District of Nevada. Because interests of justice and judicial economy favor transfer, the Court hereby ORDERS the case transferred to the Northern Division of the U.S. District Court for the District of Nevada in Reno, Nevada.

**IT IS SO ORDERED.**

Dated: November 22, 2011

_____
CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

2