1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
     A Limited Liability Partnership
2    Including Professional Corporations
   RICHARD J. SIMMONS, Cal. Bar No. 72666
3  DANIEL J. McQUEEN, Cal. Bar No. 217498
   333 South Hope Street, 48th Floor
4  Los Angeles, California  90071-1448
   Telephone:    213-620-1780
5  Facsimile:    213-620-1398

6  Attorneys for Defendants CATHOLIC HEALTHCARE WEST
   and ST. MARY'S REGIONAL HEALTH CENTER
7

8
                        UNITED STATES DISTRICT COURT
9
                              DISTRICT OF NEVADA
10

11 MICHELLE WUEST, on behalf of herself and   )   Case No.:  3:11-CV-0855-LRH-VPC
   all others similarly situated,             )
12                                             )   **DEFENDANTS' NOTICE OF MOTION**
                   Plaintiff,                  )   **AND MOTION TO DISMISS**
13                                             )   **PURSUANT TO F.R.C.P. 12(b)(6); AND**
            v.                                 )   **MEMORANDUM OF POINTS AND**
14                                             )   **AUTHORITIES (ORAL ARGUMENT**
   CATHOLIC HEALTHCARE WEST, a                 )   **NOT REQUESTED, BUT THE RIGHT**
15 California corporation; ST. MARY'S          )   **TO LATER REQUEST ORAL**
   REGIONAL HEALTH CARE CENTER, an             )   **ARGUMENT IS RESERVED)**
16 unknown Nevada entity; and DOES 1-50        )
   Inclusive,                                  )
17                                             )
                                               )
18                 Defendants.                 )
                                               )
19                                             )

20

21

22         TO PLAINTIFF AND HER ATTORNEY OF RECORD:

23

24         **PLEASE TAKE NOTICE** that Defendants Catholic Healthcare West and St. Mary's

25 Regional Health Center will and hereby do move the Court pursuant to Federal Rule of Civil

26 Procedure 12(b)(6), for an order dismissing from Plaintiffs' first amended complaint the following

27

28

claims on the grounds that they fail to state claims upon which relief may be granted. The specific bases for this Motion to Dismiss are:

1. Plaintiff's "opt-out" class action claim for "Paying Less than Minimum Wage for Standby and On-Call Time" under Nevada state law fails because it necessarily conflicts with Plaintiff's parallel claim for "opt-in" collective relief under the Fair Labor Standards Act ("FLSA").

2. Plaintiff's " opt-out" class action claim for "Paying Less than Overtime Premium Due for Call-Back and On-Call Time" under Nevada state law fails because it necessarily conflicts with Plaintiff's parallel claim for "opt-in" collective relief under the FLSA.

3. Plaintiff's "opt-out" class action claim for "Failure to Include All Compensation in Regular Rate Overtime Calculation" under Nevada state law fails because it necessarily conflicts with Plaintiff's parallel claim for "opt-in" collective relief under the FLSA.

4. Plaintiff's putative class action claim for "Failure to Pay Nevada Subclass Members Overtime Compensation Due as a Result of '8/80 Option'" under Nevada state law fails because:

    a. Plaintiff works subject to a collective bargaining agreement that provides for overtime compensation and, thus, falls within an explicit statutory exception to Nevada's general overtime law;

    b. An 8/80 option is explicitly permitted under the FLSA for hospital employees (such as Plaintiff), and the FLSA preempts Nevada state law in this circumstance because the FLSA is more protective of employees.

1. 5. Plaintiff's claim "For sixty days of wages as non-discretionary waiting-time penalties pursuant to NRS § § 608.040 and 608.050 for all Nevada class members whose employment was terminated within the last three years" fails because Plaintiff concedes that she is a current employee of Defendants.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the accompanying Request for Judicial Notice, all papers and pleadings on file herein, any additional matter of which the Court may take judicial notice, and upon such oral argument as may be presented at the hearing on this Motion.

Dated:  February 22, 2012

                SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

                By       /s/Daniel J. McQueen
                        RICHARD J. SIMMONS
                        DANIEL J. McQUEEN

                        Attorneys for Defendants
                    CATHOLIC HEALTHCARE WEST
            AND ST. MARY'S REGIONAL HEALTH CENTER

## I. INTRODUCTION

By her first amended complaint, Plaintiff Michelle Wuest asserts numerous wage-and-hour claims against Defendants Catholic Healthcare West and St. Mary's Regional Health Center, including: (1) failure to pay the minimum wage for standby and on-call time under Nevada law and the Fair Labor Standards Act ("FLSA"); (2) failure to pay the correct amount of overtime for standby and on-call time under Nevada law and the FLSA; (3) failure to include all compensation in the regular rate used to pay overtime under Nevada law and the FLSA; and (4) failure to pay overtime under Nevada law due to the use of an "8/80 plan." In connection with each of these claims, Plaintiff also seeks to recover "waiting time penalties" under Nevada Revised Statutes ("NRS") §§ 608.040 and 608.050 for an alleged failure to pay all wages due and owing at the time of her termination. Several of Plaintiff's claims are subject to dismissal.

Plaintiff seeks to certify her "on-call minimum wage," "on-call overtime" and "regular rate" claims as **both** an opt-out class action under Federal Rule of Civil Procedure 23 as well as an opt-in collective action under the FLSA. *See* FAC at ¶ 9. As numerous authorities have already concluded (including several from the Nevada district court), the opt-in mechanism of an FLSA collective action is fundamentally incompatible with the opt-out provisions of a Rule 23 class action. Accordingly, Plaintiff's Nevada law claims for "on-call minimum wage," "on-call overtime" and "regular rate" violations should be dismissed without leave to amend.

Plaintiff's "8/80 plan" claim is likewise legally untenable. Under an 8/80 plan, employees are paid overtime when they work over eight hours in the day and over 80 hours in a two-week work period. This overtime system is explicitly permitted under the FLSA for hospital employees. Plaintiff nonetheless claims that the use of an 8/80 plan is impermissible under NRS § 608.018, which generally requires that overtime be paid after 40 hours in the week. However, under its plain terms, 608.018 does not apply to employees (such as Plaintiff) who are "covered by collective bargaining agreements which provide otherwise for overtime." NRS § 608.018(3)(e). Moreover, because the FLSA 8/80 plan is more beneficial to employees, it preempts any contrary Nevada statute. Thus, Plaintiff's 8/80 claim is subject to dismissal.

Finally, Plaintiff's claim for waiting time penalties under NRS §§ 608.040 and 608.050 for an alleged failure to pay wages at the time of termination is without merit for the simple reason that Plaintiff is admittedly still employed by Defendants.  Thus, Plaintiff cannot sue for such penalties on behalf of herself and lacks standing to do so for others.

## II.  ARGUMENT AND AUTHORITIES

### A.  Plaintiffs' Claims Are Subject To Dismissal

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted."  F.R.C.P. 12(b)(6).  A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  While a plaintiff is not typically required to assert detailed factual allegations, "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action" are required.  Ashcroft v. Iqbal, 556 U.S. 662 at *14 (2009).  "Factual allegations must be enough to rise above the speculative level."  Twombly, 550 U.S. at 555.  Thus, to survive a motion to dismiss, a complaint must contain sufficient facts to "state a claim to relief that is plausible on its face."  Iqbal, 556 U.S. 662 at *14 (internal citation omitted).

### B.  Plaintiff Cannot Simultaneously Assert Opt-Out Claims Under State Law And Identical Opt-In Claims Under The FLSA; Thus, A Dismissal Of The State Law Claims Is Warranted

Plaintiff seeks to certify her "on-call minimum wage," "on-call overtime" and "regular rate" claims under Nevada law as "a traditional opt-out class brought pursuant to Rule 23 of the Federal Rules of Civil Procedure."  FAC at ¶ 9.  Plaintiff likewise asks this Court to certify the identical claims under federal law as "an opt-in class pursuant to Section 16(b) of the Fair Labor Standards Act."  Id.  As numerous courts have *already* concluded (including several from this district), simultaneously proceeding under both opt-out and opt-in mechanisms creates an impermissible conflict, requiring dismissal of the state law claims.

For example, as the court recently explained in <u>Busk v. Integrity Staffing Solutions, Inc.</u>, 2011 U.S. Dist. LEXIS 79773 at *6-7 (D. Nev. 2011):

> The FLSA states, "[n]o employee shall be a party plaintiff to any such action unless he gives consent in writing to become such a party and such consent is filed in the court in which such action is brought." This so-called "opt-in" mechanism is used for FLSA collective actions and requires class members to affirmatively consent to be included in the litigation. Conversely, Rule 23 of the Federal Rules of Civil Procedure governing traditional class action suits states, "the court will exclude from the class any member who requests exclusion." This "opt-out" provision requires class members to affirmatively opt-out of the class or be bound by the resulting litigation. As a result, the FLSA and Rule 23 appear to have conflicting mechanisms for class membership. **This Court and others have held that state law class claims which are predicated on the same acts and circumstances as a simultaneously asserted FLSA claim collective action must be dismissed due to the conflicting "opting" mechanisms.**

(Emphasis added; internal cites omitted.) Here, there can be no question that the state law and FLSA claims "are predicated on the same acts and circumstances." Indeed, the claims are pled within the same causes of action (*i.e.*, the first, second and third), and Plaintiff makes no attempt whatsoever to distinguish between them. *See* FAC at ¶¶ 20-21, 25 and 30.

Allowing both opt-out and opt-in claims to proceed simultaneously will inevitably lead to procedural or even jurisdictional dilemmas. As explained by the court in <u>Williams v. Trendwest Resorts, Inc.</u>, 2007 U.S. Dist. LEXIS 62396 at *8-9 (D. Nev. 2007):

> Should only a few plaintiffs opt into the FLSA class after the court were to certify a Rule 23 state law class, the court might be faced with the somewhat peculiar situation of a large number of plaintiffs in the state law class who have chosen not to prosecute their federal claims. The court might then be in a position in which declining supplemental jurisdiction would be appropriate, given that the state law claims could be said substantially to predominate over the federal claims. Based on these considerations, it is evident that certifying a Rule 23 class would exacerbate or create numerous problems.

*Citing to* <u>Leuthold v. Destination America, Inc.</u>, 224 F.R.D. 462, 469-470 (N.D. Cal. 2004) (court dismisses state law claims on grounds of conflict with the FLSA).

Permitting identical opt-in and opt-out claims to proceed would likewise upend Congress' intent that overtime and minimum wage claims be litigated on an opt-in basis in federal court. In fact, in <u>Williams</u>, this district court continued its analysis, noting:

> It is clear that Congress labored to create an opt-in scheme when it created Section 216(b) [of the FLSA] specifically to alleviate the fear that absent individuals would not have their rights litigated without their input or knowledge. To allow a Section 216(b) opt-in action to proceed accompanied by a Rule 23 opt-out state law class action claim would essentially nullify Congress's intent in crafting Section 216(b) and eviscerate the purpose of Section 216(b)'s opt-in requirement.

Williams, 2007 U.S. Dist. LEXIS 62396 at *9-10, *citing to* Otto v. Pocono Health System, 457 F. Supp. 2d 552, 523-524 (M.D. Penn. 2006) (court dismisses state law claims due to FLSA conflict).

As Williams concluded, the "policy requiring FLSA plaintiffs to opt in to the class would largely be thwarted if a plaintiff were permitted to back door the shoehorning in of unnamed parties through a vehicle of calling upon similar statues that lack such an opt-in requirement." Accordingly, the Williams court dismissed the plaintiff's state law wage-and-hour claims. This result was again reached in Fetrow-Fix v. Harrah's Entertainment, Inc., 2010 U.S. Dist. LEXIS 125625 at *10-11 (D. Nev. 2010), where this district court dismissed a plaintiff's state law claims on grounds of "conflict" between the "mechanisms by which parties become members of each type of action." *See also* Moeck v. Gray Supply Corp., 2006 U.S. Dist. LEXIS 511 at *5 (D. N.J. 2006) (allowing the plaintiffs "to circumvent the opt-in requirement and bring unnamed parties into federal court by calling upon state statutes similar to the FLSA would undermine Congress's intent to limit these types of claims to collective actions"); McClain v. Leon's Pizzeria, Inc., 222 F.R.D. 574, 577 (N.D. Ill. 2004) (same).

The directly on-point holdings of Busk, Williams, Fetrow-Fix, Leuthold, Otto, Moeck and McClain are compelling in this context and should be followed. If Plaintiff were permitted to pursue both opt-out and opt-in claims relating to the identical minimum wage, overtime and regular rate allegations, then a procedural conflict would inevitably result and Congress's plain intent to limit such claims to an opt-in mechanism would be thwarted. Further, even though a few courts have decided this question differently, they are not binding on this Court. In fact, the Ninth Circuit has pointedly declined to rule on the issue. *See* Pitts v. Terrible Herbst, Inc., 653 F. 3d 1081, 1093 (9th Cir. 2011) ("Aside from dismissing Pitts's entire action for lack of subject matter

jurisdiction, the district court alternatively dismissed Count 2 of the complaint because, in its view, a Rule 23 class action could not co-exist with a related collective action under the FLSA… **[W]e need not address this issue** because Pitts has told us – as he told the district court – that he will not pursue his FLSA claims.")  (Emphasis added.)  As such, Defendants respectfully request that this Court dismiss Plaintiff's Nevada state law claims for "on-call minimum wages," "on-call overtime" and a purported "regular rate" violation.

### C. Plaintiff's "8/80 Plan" Claim Fails Because Plaintiff's Employment Was Governed By A Specific Statutory Exception

By her fourth cause of action, Plaintiff asserts that Defendants failed to pay her overtime compensation because of its use of an 8/80 plan.  *See* FAC at ¶¶ 31-33.  Under an 8/80 plan, employees are paid "one-and-one half the employees' regular rate for any employment in excess of eight hours in any workday and in excess of eighty hours in a fourteen-day period." Parth v. Pomona Valley Hospital Medical Center, 630 F. 3d 794, 798 (9th Cir. 2010).  As Plaintiff acknowledges, such plans are explicitly "authorized under federal law" for hospital employees such as herself.  *See* FAC at ¶ 34; *see also* 29 U.S.C. 207(j); Parth, 630 F. 3d at 798, n. 1.

Nonetheless, Plaintiff contends that the use of an 8/80 plan is unlawful under NRS § 608.018, Nevada's overtime statute.  In pertinent part, this section states:

> An employer shall pay 1 ½ times an employee's regular wage rate whenever an employee who receives compensation for employment at a rate not less than 1 ½ times the minimum rate prescribed pursuant to NRS 608.250 works more than 40 hours in any scheduled week of work.

Nevada's overtime statute parallels the FLSA's generally applicable requirement that overtime be paid after 40 hours in a week.  *See* 29 U.S.C. § 207(a).  Because Nevada's statute does not contain specific language that is comparable to the FLSA's authorization of 8/80 plans for hospital employees, Plaintiff contends that the use of such a plan is unlawful under Nevada law.

As explained below, Nevada's overtime statute is preempted by the FLSA in this circumstance because it is less protective of employees.  Nevertheless, even if Plaintiff's

-7-

interpretation of Nevada law is correct, her claim still fails because she worked subject to an express statutory exception.  Specifically, NRS § 608.018(3)(e) states that Nevada's overtime requirements "do not apply to… Employees covered by collective bargaining agreements which provide otherwise for overtime."

Here, Plaintiff has been employed by Defendants as "a 'Surgical Tech' from approximately December 2002 to the present…."  *See* FAC at ¶ 4.  In this position, Plaintiff works pursuant to a collective bargaining agreement ("CBA") between Defendants and the Communications Workers of America, AFL-CIO.  *See* Defendant's RFJN at p. 2 (agreement applies to "Surgical Technologists").[1]  This CBA "otherwise" provides for the payment of overtime.  *See* id. at pp. 12-13 (setting forth the overtime rules that apply to covered employees).  Thus, the statutory exception set forth at NRS § 608.018(3)(e) applies and Plaintiff's 8/80 claim is subject to dismissal.

Plaintiff anticipates this argument in her FAC by asserting that:

> To the extent Defendant may argue that the provisions of NRS § 608.018(3)(e) preclude employees covered by a collective bargaining agreement from receiving overtime wages under generally applicable state law, Plaintiffs have a good faith belief such provisions are preempted as discriminatory against union membership. *See* McCollum v. Roberts, 17 F. 3d 1219 (9th Cir. 1994).

FAC at ¶ 36.[2]  McCollum is not applicable here.  In McCollum, the Oregon state law at issue provided a right for employees to take "appropriate rest periods."  McCollum, 17 F. 3d at 1220.

---

[1] Collective bargaining agreements may be judicially noticed and, thus, considered on a motion to dismiss.  *See*, *e.g.*, Greenly v. Sara Lee Corp., 2006 U.S. Dist. LEXIS 90868 at * 8 (E.D. Cal. 2006) (court judicially notices a CBA upon a motion to dismiss, noting:  "When claims in a complaint require consideration of a collective bargaining agreement, a plaintiff cannot artfully plead so as to avoid mentioning the agreement…"); *see also* Busey v. P.W. Supermarkets, Inc., 368 F. Supp. 2d 1045, 1049 (N.D. Cal. 2005) (court takes judicial notice of CBA in deciding a motion to dismiss); *and see* Kurtcu v. U.S. Parking, Inc., 2008 U.S. Dist. LEXIS 51302 at *5 (N.D. Cal. 2008) (same).

[2] Plaintiff's anticipation of this argument in her FAC is a tacit acknowledgement that her employment is governed by the terms of a CBA that provides for overtime.  Upon a motion to strike, a court may consider documents attached to the defendant's moving papers and upon which plaintiff's complaint necessarily relies even though they were **not** mentioned in the complaint.  This prevents plaintiffs from "deliberately omitting references to documents upon which their claims are based." Parrino v. FHP, Inc., 146 F. 3d 699, 706 (9th Cir. 1998).

-8-

However, the law had a "carve-out" provision which "expressly disallowed" mandated rest periods "to all employees with collective bargaining agreements." Id. at 1223. Since the carve-out provision excluded union employees *altogether* from the benefit afforded by the statute, the court determined that the statute impermissibly discriminated against union membership. Id. at 1222.

In this matter, union employees are only exempted from Nevada's generally applicable overtime requirements where they work under a CBA that *already* provides "otherwise for overtime." NRS § 608.018(3)(e). Thus, the statute assures that *both* union and nonunion employees will receive overtime. Under these circumstances, impermissible discrimination does **not** exist. Indeed, in McCollum, the court explicitly distinguished its facts from those discussed by the U.S. Supreme Court in Fort Halifax Packing Co. v. Coyne, 482 U.S. 1 (1987). There, the high court *rejected* a claim of anti-union discrimination because the statute in question provided severance benefits to both "union and nonunion employees alike." McCollum, 17 F. 3d at 1223. *Precisely* like the statute at issue here, the Fort Halifax statute set a "severance baseline" for all employees, but exempted union employees to the extent their CBAs already contained a severance provision. Id. Thus, Plaintiff's "union discrimination" argument is not even supported by the authority she relies upon.

Moreover, Plaintiff's precise argument has already been rejected by another district court in Wylie v. Foss Maritime Co., No. C 06-07228 MHP (N.D. Cal. 8-29-2008). There, the court discussed California Labor Code section 514, which exempts union employees from California's baseline overtime requirements so long as their CBA "provides premium wage rates for… overtime." Id. at * 8. Exactly as in the present case, the plaintiff argued that this statute was impermissible under McCollum. The Wylie court noted, however, that McCollum was not applicable because it discussed a "blanket union exception… in which *all* employees to a collective bargaining agreement were exempt from rest break requirements." Id. at *19. (Emphasis in original.) Since Labor Code section 514 ensured that California's unionized employees would receive some sort of overtime, the court determined that anti-union bias did not

-9-

1  exist.  <u>Wylie</u> is on all fours with the present facts and should be followed.  Thus, dismissal of
2  Plaintiff's 8/80 claim is warranted.
3
4  **D.    <u>Plaintiff's "8/80 Plan" Claim Fails Because Nevada's Overtime Statute Is Preempted</u>**
5  **<u>By The FLSA To The Extent It Forbids The Use Of An 8/80 Plan In Hospitals</u>**
6  It is often noted that the FLSA sets a "floor" on minimum wage and overtime standards,
7  and that states are free to enact legislation that is more generous to employees.  *See*, *e.g.*, <u>Pacific</u>
8  <u>Merchant Shipping Assoc. v. Aubry</u>, 918 F. 2d 1409, 1425 (9th Cir. 1990).  It is less noted, but
9  equally true, that the FLSA also preempts state minimum wage and overtime laws that are less
10 beneficial to the employee.  <u>Id</u>.
11 Here, Plaintiff concedes that the FLSA explicitly permits hospitals to employ individuals
12 under an 8/80 plan.  *See* FAC at ¶ 34.  The use of an 8/80 plan is decidedly more beneficial to
13 employees because it allows them the opportunity to earn overtime *every single day* after eight
14 hours and *again* after 80 hours in a two-week period.  In contrast, under the generally applicable
15 rule, an employee may only potentially earn overtime *once* per week – *i.e.*, after 40 hours of work.
16 For example, if a hospital employee works three, 12-hour shifts per week for a total of 36 hours,
17 she will earn **no** overtime under the generally applicable over-40 rule because she did not exceed
18 40 hours of work in the week.  Yet, under an 8/80 plan, the same employee would earn **12 hours**
19 of overtime because she worked four hours of overtime on each of her three workdays.
20 Accordingly, the FLSA's 8/80 provisions are clearly more beneficial to hospital employees and,
21 thus, preempt application of Nevada's generally applicable overtime standard.  This being the case,
22 Plaintiff's 8/80 cause of action should be dismissed.
23
24 **E.    <u>Plaintiff's Claim For Waiting Time Penalties Must Be Dismissed Because Plaintiff</u>**
25 **<u>Concedes That She Is Currently Employed</u>**
26 Plaintiff seeks to recover waiting time penalties under NRS §§ 608.040 and 608.050.  *See*
27 FAC at 8:16-18.  By their plain terms, these statutes only permit an award of penalties to *former*
28

-10-

1   employees.  *See* NRS § 608.040, entitled "Penalty for failure to pay discharged or quitting

2   employee;" *and see* NRS § 608.050, entitled "Wages to be paid at termination of service."  Here,

3   Plaintiff concedes on the face of the complaint that she is a ***current*** employee.  *See* FAC at ¶ 4.

4   As such, her claim for waiting time penalties under NRS §§ 608.040 and 608.050 must be

5   dismissed.

6        Further, as a current employee, Plaintiff does **not** have standing to seek waiting time

7   penalties on behalf of putative class members who are former employees.  *See*, *e.g.*, Henry v.

8   Circus Circus Casinos, Inc., 223 F.R.D. 541, 543 (D. Nev. 2004) ("If none of the named plaintiffs

9   purporting to represent a class establishes the requisite of a case or controversy with the

10  defendants, none may seek relief on behalf of himself or any other member of the class"), *citing to*

11  O'Shea v. Littleton, 414 U.S. 488, 494-495 (1974).

12

13  ### III. CONCLUSION

14       For the foregoing reasons, Defendant respectfully requests that this Court grant its motion

15  to dismiss Plaintiff's "on-call minimum wage," "on-call overtime" and "regular rate" claims under

16  Nevada law; her fourth cause of action under Nevada law for use of an 8/80 plan; and her claim

17  for waiting time penalties under NRS §§ 608.040 and 608.050.

18

19  Dated:  February 14, 2012

20                         SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

21

22              By          /s/ Daniel J. McQueen
                          RICHARD J. SIMMONS

23                            DANIEL J. McQUEEN

24                            Attorneys for Defendants
                          CATHOLIC HEALTHCARE WEST and ST.

25                            MARY'S REGIONAL HEALTH CARE CENTER

26

27

28

-11-